NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 5 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10352 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00445-MCE-1 |
| v. | |
| GREGORY PAUL AGUIRRE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted March 17, 2016
San Francisco, California

Before: NOONAN, GOULD, and FRIEDLAND, Circuit Judges.

Gregory Paul Aguirre pled guilty to and was convicted of distribution of

child pornography. The district court sentenced Aguirre to a within-Guidelines

sentence of 188 months in prison, plus 120 months of supervised release. Aguirre

argues on appeal that the 188-month term of imprisonment is substantively

unreasonable, and that two special conditions of supervised release should be

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

vacated.    We affirm in part and vacate and remand in part.

As to the term of imprisonment, Aguirre does not dispute that the Guidelines range was correctly calculated, nor does he argue that there was anything atypical about his case that should take it out of the Guidelines range.    Instead, he argues that the Guidelines are themselves substantively unreasonable in light of a recent Sentencing Commission Report criticizing certain child pornography sentencing enhancements.    *See* United States Sentencing Comm'n, *Report to Congress: Federal Child Pornography Offenses* (Dec. 2012) (the "Commission Report"), *available at* http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Full_Report_to_Congress.pdf.

Although a district court "may vary from the child pornography Guidelines . . . based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case. . . . district courts are not obligated to vary from the child pornography Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them."    *United States v. Henderson*, 649 F.3d 955, 953-64 (9th Cir. 2011). Here, the district court considered the Commission Report but it concluded that a

2

Guidelines sentence was appropriate in this case. The district court was under no obligation to concur with the Commission Report's criticisms and prescriptions and did not err in applying the Guidelines in their current form.[1] We thus affirm the length of Aguirre's prison sentence.

Aguirre's challenge to condition of supervised release number nine also fails. As an initial matter, both parties agree that, despite its reference to "'[s]exually explicit conduct' as defined in 18 U.S.C. section 2256(2)," the condition is appropriately limited to pornography. Therefore, to bring the condition into accordance with *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015), we construe the condition to apply "(1) to any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 U.S.C. § 2256(2), and (2) to any materials with depictions of 'sexually explicit conduct' involving adults, defined as explicit sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by [Aguirre's] probation officer. [Aguirre] may not possess, [own, use, view, or read] such materials, nor may he patronize any place where such materials or entertainment are available." *Gnirke*, 775 F.3d at 1166.

---

[1] Aguirre has not claimed any procedural error.

Once so defined, we conclude that the district court did not abuse its discretion in finding that the condition is "reasonably related to the goal[s] of deterrence, protection of the public, or rehabilitation of the offender," *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (alteration in original) (quoting *United States v. Collins*, 684 F.3d 873, 892 (9th Cir. 2012), and does not "infringe[] more on the offender's liberty than is 'reasonably necessary' to accomplish these statutory goals," *id.* (quoting 18 U.S.C. § 3583(d)(2)); *see also United States v. Daniels*, 541 F.3d 915, 927-28 (9th Cir. 2008); *United States v. Rearden*, 349 F.3d 608, 619 (9th Cir. 2003).[2]

Finally, with regard to condition of supervised release number ten, we first note that the parties have agreed that "business records" refers only to business *phone* records, not business records generally. The condition shall be so

---

[2] Although *Daniels* and *Rearden* were on plain error review, the only issue objected to by Aguirre with respect to condition nine was the scope of the restriction—an objection cured by our construing the condition consistent with *Gnirke*. Aguirre did not object that, even as narrowed, the condition failed to further the purposes of supervised release. This case is thus in a similar posture with respect to that issue as were *Daniels* and *Rearden*, even though the government failed to point this out. *See United States v. Murguia-Rodriguez*, – No. 14-10400, 2016 WL 791241, at *6, *6 n.9 (Mar. 1, 2016) (a panel may apply plain error review even when the government has failed to assert that the error in question has not been preserved).

construed.

We otherwise agree with Aguirre that, as a procedural matter, the portion of condition number ten regarding the monitoring of "all outgoing or incoming phone calls," finds no justification in the record and must be vacated. *See Collins*, 684 F.3d at 890 ("the district court 'need not state at sentencing the reasons for imposing each condition of supervised release,' [but] that is only true '*if the reasoning is apparent from the record*'" (alteration omitted) (citation omitted) (quoting *United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011)). Although at oral argument the Government provided several possible reasons why such a condition is necessary, the record is devoid of any indication that the district court considered these—or any other justifications—for the condition. We therefore remand for reconsideration this portion of the condition.

Aguirre's request that the case be assigned to a different district judge on remand is denied.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**